ORIGINAL

JOHN HARRIS PAER   #1551-0
41 B Kepola Place
Honolulu, Hawaii  96817
Telephone:  (808) 595-7179
Facsimile:  (808) 595-3918
Email: paerj001@hawaii.rr.com

Attorney for Plaintiff

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

OCT 25 2006

at 11 o'clock and 25 min. A M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JUDITH A. CLARK,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>FOCUS RECEIVABLES<br>MANAGEMENT, LLC.,<br>　　　　Defendant. | CIVIL NO. CV06 00575 SOM LEK<br><br>COMPLAINT; SUMMONS |

## COMPLAINT

COMES NOW Plaintiff, by and through her undersigned attorney and alleges as follows:

### INTRODUCTION

1. This Complaint is filed and these proceedings are instituted under the "Fair Debt Collection Practices Act" 15 U.S.C. Section 1692, et seq., to recover actual and statutory damages, reasonable attorney's fees and costs of suit by reason of the Defendant's violations of that Act. Plaintiff seeks actual and statutory damages arising out of Defendant's failure to make required disclosures, and misrepresentations and in the collection of an alleged debt.

## JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to 15 U.S.C.A. Section 1692k(d) and 28 U.S.C.A. Section 1337. The supplemental jurisdiction of this Court is invoked over Count II of the Complaint, which arises under Chapters 443B and 480 of the Hawaii Revised Statutes.

## PARTIES

3. Plaintiff is a natural person and is a resident of the State of Hawaii.

4. Defendant is an entity doing business in the State of Hawaii, and is subject to the jurisdiction of this Court. Defendant is a collection agency and debt collector.

## FACTS

5. Within the year prior to the filing of this action, Defendant has been attempting on behalf of a third party to collect an alleged debt from Plaintiff.

6. In June, 2006, Defendant called Plaintiff several times, demanding payment of an alleged debt.

7. Plaintiff informed Defendant that she was represented by the undersigned counsel, and gave Defendant's collector her counsel's name, address and telephone number.

8. Defendant's collector said he already knew that the undersigned represented Plaintiff, but wanted to offer her a "deal" anyway.

9. During that conversation, Defendant's collector said he would send Plaintiff a letter.

10. At 7:45 a.m. on June 13, 2006, Defendant called again and said he would not send a letter because it was "too time consuming".

11. Plaintiff then requested that Defendant call her attorney, but Defendant refused and said he would call her back.

12. Defendant called Plaintiff again shortly after noon on June 13, 2006, and again Plaintiff requested that he call her attorney; however, Defendant's collector again refused and demanded payment immediately.

13. Defendant never sent any written correspondence to Plaintiff regarding the alleged debt.

14. The underlying debt was incurred primarily for personal, family, or household purposes.

### COUNT I

15. Plaintiff realleges and incorporates paragraphs 1 through 14 of this Complaint.

16. Defendant has violated the Fair Debt Collection Practices Act in the following ways:

(a) Defendant has used false, deceptive and misleading misrepresentations in connection with the collection of the above claim in violation of 15 U.S.C. §1692e.

(b) Defendant has used unfair means to collect and to attempt to collect the above claim in violation of 15 U.S.C. §1692f.

(c) Defendant has not sent to Plaintiff the proper notices and/or verifications required by the Act in violation of 15 U.S.C. §1692g.

(d) Defendant has violated 15 U.S.C. §1692c.

## COUNT II

17. Plaintiff realleges and incorporates paragraphs 1 through 16 of this Complaint.

18. Defendant has violated Chapter 443B and 480 of the Hawaii Revised Statutes as alleged above.

19. Defendant's actions as described above, and its violations of the Fair Debt Collection Practices Act and/or H.R.S. Chapter 443B, constitute both unfair and deceptive acts and practices in violation of H.R.S. Chapter 480.

20. Defendants actions in connection with the above-described collection efforts were immoral, unethical, oppressive, unscrupulous, and substantially injurious to Plaintiffs as consumers, and were unfair and deceptive, in violation of H.R.S. Chapter 480.

21. Plaintiff has suffered injury to her property in an amount to be proved at trial, by reason of Defendant's violations.

WHEREFORE, Plaintiff prays that the Court:

AS TO COUNT I:

1. Award Plaintiff her actual damages as will be proved at trial.

2. Award Plaintiff statutory damages in the amount of $1000.00.

AS TO COUNT II:

3. Award Plaintiff damages in the amount of three times the injury to her property, but not less than $1000.00.

AS TO ALL COUNTS:

4. Award Plaintiff reasonable attorneys' fees and costs of Court.

5. Award Plaintiff such other and further relief as the Court deems appropriate.

DATED: Honolulu, Hawaii, October 24, 2006.

_____
JOHN HARRIS PAER
Attorney for Plaintiff